IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN N. KRAMER, D.D.S., Relator, <br><br> v. <br><br> ROBERT A. DOYLE, D.M.D,. *et al.,* Defendants. | CIVIL ACTION NO. 1:18-cv-373 <br><br> Judge Douglas R. Cole |

**DEFENDANTS ROBERT A. DOYLE, D.M.D., CDC CALCUTTA, LLC, CDC DENNISON, LLC, CDC MARTINS FERRY, LLC, CDC NEWCOMERSTOWN, LLC, CDC SHADYSIDE, LLC, CDC STEUBENVILLE, LLC AND CDC CHAMPION HEIGHTS, LLC'S MOTION TO DISMISS**

Defendants Robert A. Doyle, D.M.D., CDC Calcutta, LLC, CDC Dennison, LLC, CDC Martins Ferry, LLC, CDC Newcomerstown, LLC, CDC Shadyside, LLC, CDC Steubenville, LLC, and CDC Champion Heights, LLC (collectively, the preceding seven entities are referred to as the "CDC Defendants"), hereby file this motion to dismiss this case with prejudice under Federal Rule of Procedure 12(b)(6) because Plaintiff has failed to state a claim on which relief may be granted.

A memorandum of law supporting this motion follows.

December 24, 2019

/s/ Patrick J. Haney
Patrick J. Haney
Ohio Bar No. 0092333
Patrick.Haney@ChandraLaw.com
TRIAL COUNSEL
**THE CHANDRA LAW FIRM**
The Chandra Law Building
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
Phone: 216-578-1700
Fax: 216-578-1800

/s/ Elizabeth K. Stepp
Elizabeth K. Stepp  (*pro hac vice*)
Texas State Bar No. 00788467
eks@federal-lawyer.com
Lynette S. Byrd *(pro hac vice)*
Texas State Bar No. 24047126
lsb@federal-lawyer.com
**OBERHEIDEN P.C.**
5728 LBJ Freeway, Suite 250
Dallas, Texas 75240
(214) 334-7648 (Telephone)
(972) 559-3365 (Facsimile)
**ATTORNEYS FOR DEFENDANTS ROBERT  A. DOYLE, D.M.D., CDC CALCUTTA, LLC,   CDC DENNISON, LLC, CDC MARTINS FERRY, LLC, CDC NEWCOMERSTOWN, LLC, CDC SHADYSIDE, LLC, CDC STEUBENVILLE, LLC AND CDC CHAMPION HEIGHTS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2019, a true and correct copy of the above and foregoing instrument was served on all counsel of record through the Court's electronic filing system.

/s/ Elizabeth K. Stepp
Elizabeth K. Stepp

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN N. KRAMER, D.D.S., Relator, | § § § § |
| v. | § CIVIL ACTION NO. 1:18-cv-373 § § |
| ROBERT A. DOYLE, D.M.D,. *et al.,* Defendants. | § Judge Douglas R. Cole § § § |

**DEFENDANTS ROBERT A. DOYLE, D.M.D., CDC CALCUTTA, LLC, CDC DENNISON, LLC, CDC MARTINS FERRY, LLC, CDC NEWCOMERSTOWN, LLC, CDC SHADYSIDE, LLC, CDC STEUBENVILLE, LLC AND CDC CHAMPION HEIGHTS, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

### I.   INTRODUCTION

In his third amended complaint, relator John Kramer purports to state causes of action for violations of the False Claims Act against Dr. Robert Doyle, individually, and seven entities owned and operated by Dr. Doyle: CDC Calcutta, LLC, CDC Dennison, LLC, CDC Martins Ferry, LLC, CDC Newcomerstown, LLC, CDC Shadyside, LLC, CDC Steubenville, LLC, and CDC Champion Heights, LLC (collectively, these seven entities are referred to as the "CDC Defendants").[1]  However, Kramer has failed to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which obliges a relator asserting a False Claims Act to plead the supposed fraud with particularity.  In other words, relator must plead, as to each defendant, the specifics of the supposed fraudulent scheme as well as actual false claims presented to the government.  *See Chesbrough v. VPA, P.C.*, 655 F. 3d 461, 470 (6th Cir. 2011).  Because

---

[1] Kramer also names North American Dental Group, LLC and North American Dental Management, LLC as defendants. These defendants have separate counsel and are not addressed herein.  Doyle and the CDC Defendants adopt the arguments of NADG regarding a difference of opinion between dentists exercising clinical judgment and as to the insufficiency of group pleading in FCA cases as if fully incorporated herein.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS                                                                                                                      1

Kramer has not sufficiently plead the "who, what, where, when, and how" of any false or fraudulent claim by Dr. Doyle or any of the CDC Defendants, his complaint against each of them should be dismissed with prejudice. *See United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 641 (6th Cir. 2003) (requiring pleading to include time, place, and content of alleged misrepresentation as well as fraudulent scheme, fraudulent intent, and injury); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (noting that a complaint is insufficient and should be dismissed when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2018, relator, a dentist who has never worked with or for Dr. Doyle or any of the CDC Defendants, filed his original *qui tam* complaint on behalf of the federal government alleging that defendants had violated the False Claims Act in connection with the provision of dental services to Medicaid recipients. [Dkt. 1.] After amending his complaint twice [Dkt. 11, Dkt.14], relator took the unusual step of requesting that this Court unseal the case before the government had filed its notice of declination. [Dkt. 15.]  He then received waivers of service of the second amended complaint ("SAC") from all defendants. [Dkt. 19, Dkt. 20.]  On November 8, 2019, the government filed its notice of nonintervention. [Dkt. 26.]  On November 12, 2019, Doyle and the CDC Defendants filed a motion to dismiss the second amended complaint for failure to state a claim on which relief could be granted because relator had not met the pleading standards of Rule 9(b). [Dkt. 28.]  On December 3, 2019, relator responded to the motion to dismiss by filing a third amended complaint (the "TAC"). [Dkt. 37.]

Relator John Kramer is, like defendant Robert Doyle, an Ohio dentist who accepts, treats, and bills the government for the provision of services to persons covered by Ohio Medicaid. Relator's

TAC alleges that he has treated eight patients who previously received care from one of seven entities owned by Dr. Doyle.[2] In each case, Kramer disagreed with the dental work that was either advised or performed on the patient by the CDC Defendant in question. According to Kramer, five other unnamed dentists also "believed that questionable treatments had been performed" by an unnamed CDC Defendant on some number of other unnamed patients. TAC ¶¶ 188-190. From this disagreement about the proper course of dental care for eight individuals, combined with some nebulous gossip, Kramer has concluded that Doyle and the CDC Defendants are systematically defrauding Medicaid by providing dental care that is unnecessary in order to receive higher reimbursements from the program.

In response to Defendants' motions to dismiss the SAC, relator amended his complaint for a third time. But the TAC does not make any substantive changes to the allegations against Doyle or the CDC Defendants, and does not correct any of the failures noted in the previous motion to dismiss. In fact, as to these Defendants, relator adds only the following statements: 1) Dr. Doyle is considered the mentor for each CDC office, TAC ¶ 18; 2) two out of eight patients did not report (to Dr. Kramer) any trauma or symptoms of infection, TAC ¶¶ 151, 203; 3) the CDC dentist or dentists who treated two of the eight patients apparently did not conduct certain clinical tests that Dr. Kramer thinks should have been performed, TAC ¶¶ 202, 224; and 4) based on x-rays taken by Dr. Kramer *after* a root canal was performed by a CDC dentist, Dr. Kramer concludes the root canal was not medically necessary, TAC ¶ 249. None of these allegations is sufficient to change the underlying problems with the complaint: it does not meet the requirements of Rule 9(b). Because Kramer's complaint, even on the fourth try, fails to adequately plead any violation of the False Claims Act ("FCA"), it

---

[2] Actually, as detailed below, the patient examples in relator's TAC were all seen at one of two CDC entities. Relator does not allege that he has ever treated a patient from any of the other five entities or that Dr. Doyle personally treated any of these patients.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS                                                              3

should be dismissed with prejudice in its entirety against Doyle and each of the CDC Defendants.

## III. ARGUMENT AND AUTHORITIES

To satisfy the pleading requirements of Rule 9(b) and withstand a Rule 12(b)(6) motion to dismiss, a *qui tam* relator seeking relief on behalf of the government under the FCA must plead the circumstances of the alleged fraud with particularity, including pleading at least one example of a false claim that the defendant submitted to the government. *See United States ex rel. Marlar v. BWXT Y-12, LLC*, 525 F.3d 439, 445-46 (6th Cir. 2008). The TAC fails to do so for three reasons and should be dismissed accordingly.

### A. Relator Has Failed To Make Specific Allegations Against Each Defendant.

In the TAC, relator makes factual allegations regarding eight patients that have been examined by Dr. Kramer after previous treatment by one of the CDC Defendants. Notably, two of these patients are irrelevant to any false claim made by any Defendant: patient number four, a thirteen-year old, is not an Ohio Medicaid beneficiary. TAC ¶ 186. Patient number eight is also not alleged to be an Ohio Medicaid beneficiary and, moreover, did not receive any root canals, extractions, or other procedures from any defendant. *See* TAC ¶¶ 255-266. In fact, relator admits that neither patient four nor patient eight are the subject of any claims submitted to the government that relator believes are false or fraudulent. TAC ¶ 267.

Thus, the TAC is based upon relator's assumptions and extrapolations based on his review of treatment provided to six Ohio Medicaid patients by "defendants." But relator does not specify the name or names of any dentist who performed any of the work in question. None of these patients are alleged to have been treated by Dr. Doyle personally, nor does relator specifically allege that Dr. Doyle was the one who submitted any false claims to Medicaid for any patient. Relator suggests that Dr. Doyle "caused others to present false or fraudulent claims," TAC ¶ 1, but does not specify exactly

how Dr. Doyle did so. In his latest amendment to his complaint, relator notes that the CDC websites refer to Dr. Doyle as their "owner/mentor." TAC ¶ 18. Relator then somehow concludes that as the practices' mentor, "Dr. Doyle requires that all Complete Dental Care locations perform unnecessary dental procedures on Ohio Medicaid beneficiaries to bill Ohio Medicaid for those unnecessary procedures and to ensure that unrealistically high financial targets are met." *Id.*

But relator admits that there are sixteen other dentists who are registered to provide services at all CDC locations. TAC ¶ 17. These dentists are not alleged to be under Dr. Doyle's control or forced to work with him. Relator does not allege that Dr. Doyle ever saw any patient identified in the complaint, ever reviewed the treatment provided or bills submitted for such patients, ever directed another dentist to engage in any specific conduct with respect to Medicaid reimbursement, ever instructed the other dentists to submit bills for these patients in any certain way, or instructed them to perform unnecessary root canals or allow unlicensed persons to work on the patients. Relator does not even allege that Dr. Doyle was personally aware of any of these patients, their treatments, or their bills. Without such allegations, Dr. Doyle cannot be found liable for any supposedly false claims. *See Sanderson v. HCA-The Healthcare Company*, 447 F.3d 873, 877 (6th Cir. 2006) (affirming dismissal of FCA complaint that failed to identify person who had filed a claim or when it had been filed); 31 U.S.C. § 3729(a)(1)(A) (liability extends to persons who knowingly present or cause presentation of a false claim), (a)(1)(B) ("knowingly" defined as actual knowledge, deliberate ignorance, or reckless disregard).

Even more glaring in the TAC is the total and complete absence of allegations as to five of the seven CDC Defendants. According to the TAC, patients one, three, five, six, and seven were all seen by one or more dentists at CDC Martins Ferry, located in the same Ohio town where Kramer's competing practice is located. Patient two was seen by a dentist at CDC Steubenville. Other than

being identified as entities "owned and operated" by Dr. Doyle, the other five CDC Defendants – CDC Calcutta, CDC Dennison, CDC Newcomerstown, CDC Shadyside, and CDC Champion Heights - are not the subject of even one allegation of improper, false, or fraudulent acts. Without any allegation that these specific entities submitted any false claims to the government, the complaint against them cannot stand. *See U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (to comply with Rule 9(b), "pleading an actual false claim with particularity is an indispensable element of a complaint that alleges an FCA violation").

### B. Relator Has Failed To Properly Allege Fraud As To Any Defendant.

As to the one patient treated at CDC Steubenville and the five patients treated at CDC Martins Ferry, relator's allegations are still far from sufficient to sustain a complaint under the FCA. Despite spending nearly 30 pages and 108 paragraphs describing the supposed fraud as to these patients, including highlighted copies of patient x-rays, relator's allegations as to the "fraudulent claims" submitted on behalf of each patient are the same. According to relator, a dentist at either CDC Steubenville or CDC Martins Ferry performed "poor quality" root canals in an attempt to save the patients' damaged teeth rather than proceeding immediately to extraction and one or more dentures to replace the now-missing teeth. Relator states that the CDC dentists would have been incentivized to do this because Medicaid pays nearly $200 more for a root canal than it does for a tooth extraction. (Relator's calculations do not include the additional $540 that Medicaid pays, with prior authorization, for a partial denture after teeth are extracted). TAC ¶ 94.

In other words, relator, a competitor of some or all of Dr. Doyle and the CDC Defendants, disagrees with the clinical judgment of another dentist as to whether certain teeth should be treated via root canals with fillings or crowns or via extraction and dentures. He has identified six Medicaid patients in which the first dentist determined root canals were the appropriate course of action,

whereas relator would have immediately removed the tooth and requested that Medicaid agree to pay for dentures in place of the now-missing teeth.  In his latest amendment to the complaint, relator adds minor additional allegations as to four of the patients discussed:  two of the patients (3 and 5) did not "report any trauma, or signs or symptoms of infection," TAC ¶¶ 151, 203; two of the patients (5 and 6) "denied that any tests were performed to evaluate the need for a root canals, such as electronic stimulation, thermal test, or percussion test," TAC ¶¶ 202, 224; and patient seven's post-root canal x-ray did not convince Kramer that the root canal had been necessary, TAC ¶ 249.  These added statements do not change the underlying basis for relator's claims, which is that his clinical judgment as to the necessary treatment for these patients differs from that of the CDC dentist or dentists who actually treated them.

But such disagreement is insufficient to support a claim of fraud as to any one of these six patients, let alone to extrapolate that Medicaid is being defrauded by seventeen dentists at seven different offices in different cities covering tens of thousands or hundreds of thousands of patients.  At worst, if relator is correct that some of the root canals or fillings were poorly executed, the patient in question might have a claim for malpractice.  But malpractice is not fraud under the FCA.  *See, e.g., United States ex rel. Mikes v. Straus*, 274 F.3d 687, 700 (2nd Cir. 2001) ("[P]ermitting *qui tam* plaintiffs to assert that defendants' quality of care failed to meet medical standards would promote federalization of medical malpractice, as the federal government or *qui tam* relator would replace the aggrieved patient as plaintiff.").  Indeed, relator seems to theorize that fraud is afoot any time two medical professionals reach differing conclusions about the proper course of action to be taken with respect to a patient.

Relator's theory is, bluntly, wrong.  "A properly formed and sincerely held clinical judgment is not untrue even if a different physician later contends that the judgment is wrong." *United States v.*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS                                                                                   7

*AseraCare, Inc.*, 938 F.3d 1278, 1297 (11th Cir. 2019). In *AseraCare*, the government argued that claims for hospice care submitted by the company were "false" because their expert disagreed with the doctors working for AseraCare that certain patients were terminally ill and expected to die within six months. The Eleventh Circuit disagreed that such a difference in subjective opinion by two physicians exercising their clinical judgment could lead to a finding that one of the physicians was incorrect, thereby causing a claim to be false. *Id.* Instead, the government (or, here, relator) must show that the claim is a result of an objective falsehood. *Id.*

Given the similarity of relator's allegations about the treatment of the six Medicaid beneficiaries discussed in the TAC, it is clear that relator and the treating dentists at CDC Martins Ferry and Steubenville disagree in some instances about what to do with teeth showing signs of decay. The CDC dentists sometimes perform root canals in an attempt to allow patients to maintain their own teeth as long as and to the extent possible. Kramer believes that this step is often unnecessary, and that decaying teeth should, in the same circumstances, be extracted immediately and replaced with full or partial dentures. But the TAC does not (and surely Dr. Kramer would not) allege that Kramer alone is the arbiter of dental procedures, making his opinion right and the Defendants' opinion wrong. As long as both opinions are a) the result of a dentist reviewing the patients' files, x-rays, and other records, b) honestly held and subjectively believed by the dentist, and c) not one that no reasonable dentist could have held, neither clinical judgment is wrong, and neither treatment plan suggested or carried out qualifies as a "false claim." *AseraCare*, 938 F.3d at 1297. To hold otherwise would be to ensure that every physician or dentist who agrees to provide a second opinion would be opening herself up to a potential False Claims Act lawsuit if her opinion is not the same as that of the original medical professional. This cannot and should not be the law. *See also United States ex rel. Mikes v. Strau*s, 274 F.3d 687, 700 (2nd Cir. 2001) (allegation of substandard care alone does not support an

FCA claim unless treatment is so deficient as to be worthless); *United States v. NHC Healthcare Corp.*, 115 F.Supp.2d 1149, 1153 (W.D. Mo. 2000) (refusing to find FCA violation on the grounds that the government disagreed with a reasonable medical treatment plan); *United States ex. rel. Phillips v. Permian Residential Care Ctr.*, 386 F. Supp. 879, 884 (W.D. Tex. 2005) ("the False Claims Act should not be used to call into question a health care provider's judgment regarding a specific course of treatment").

### C. Relator Has Failed To Properly Allege That Any Defendant Violated 31 U.S.C. § 3729(a)(1)(B).

In addition to a cause of action for presenting false claims to the government, the TAC includes a claim that the Defendants "knowingly made, used, or caused to be made or used materially false or fraudulent statements" to get a false or fraudulent claim paid by the government. TAC ¶¶ 280-284. However, there are no factual statements to support this cause of action as to either Doyle or any of the CDC Defendants. Notably, relator does not claim that the dental work charged to the government was not performed; instead, he argues that the work was not medically necessary (as discussed above). In the discussion of the six patients at issue, relator only identifies two patients for which it could be reasonably inferred that the TAC is alleging that any defendant made a false statement in order to obtain payment for a false claim in addition to making the false claim itself. In his discussion of patients five and six, relator asserts that someone other than a licensed dentist performed part of a root canal procedure, which is not allowed under Ohio law.[3] By submitting claims for these procedures, relator says, CDC Martins Ferry implied that it was in compliance with

---

[3] While the TAC also nakedly asserts that the same type of false statement was made on behalf of patient seven, he gives no reason for believing that a non-dentist performed any of the work in question on patient seven. Unlike the allegations regarding patients five and six, relator does not claim that patient seven told him that a non-dentist cut into a tooth (patient six) or filled a tooth with gutta-percha (patient five).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS 9

this state regulation.

While such an "implied certification" theory may support a False Claims Act violation for making a false statement, it only does so when that statement is material, which is a "demanding standard" under the FCA. *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016) (noting that materiality is not proven merely because statutory violation is designated as a condition of payment and remanding to district court to determine whether use of unqualified staff to provide services was material). In this case, the implied certification theory fails for two reasons. First, relator has not sufficiently alleged that any claims were submitted for the work that relator alleges was performed in part by a non-dentist. *See Bledsoe,* 342 F.3d at 641 (requiring pleading to include time, place, and content of alleged misrepresentation to meet Rule 9(b) requirements). Second, relator has not sufficiently alleged materiality here as to the implied statements of CDC Martins Ferry even if such claims were made. *See, e.g., United States ex rel. Dresser v. Qualium Corp.*, No. 5:12-CV-01745-BLF, 2016*,* U.S. Dist. LEXIS 93248 at *20 (N.D. Cal. July 18, 2016) (dismissing implied certification theory in case involving use of unqualified personnel because "[t]he Amended Complaint alleges in several places that the government would not have paid Defendants' claims had they known of Defendants' fraudulent conduct, but does not explain why."). And relator has not even alleged that Doyle or any other CDC Defendant allowed non-dentists to participate in patient care or otherwise made any false statements in support of claims submitted to Medicaid. Claim Two of the TAC should therefore be dismissed against Doyle and all the CDC Defendants, including CDC Martins Ferry.

## IV.  CONCLUSION

Therefore, Doyle and the CDC Defendants respectfully request this Court grant their motion to dismiss, dismiss the claims against them in their entirety and with prejudice, and for such other and

further relief to which they may show themselves entitled.

December 24, 2019

        /s/ Patrick J. Haney
        Patrick J. Haney
        Ohio Bar No. 0092333
        Patrick.Haney@ChandraLaw.com
        TRIAL COUNSEL
        **THE CHANDRA LAW FIRM**
        The Chandra Law Building
        1265 W. 6th St., Suite 400
        Cleveland, OH 44113-1326
        Phone: 216-578-1700
        Fax: 216-578-1800

        /s/ Elizabeth K. Stepp
        Elizabeth K. Stepp (*pro hac vice*)
        Texas State Bar No. 00788467
        eks@federal-lawyer.com
        Lynette S. Byrd *(pro hac vice)*
        Texas State Bar No. 24047126
        lsb@federal-lawyer.com
        **OBERHEIDEN P.C.**
        5728 LBJ Freeway, Suite 250
        Dallas, Texas 75240
        (214) 334-7648 (Telephone)
        (972) 559-3365 (Facsimile)
        **ATTORNEYS FOR DEFENDANTS ROBERT A. DOYLE, D.M.D., CDC CALCUTTA, LLC, CDC DENNISON, LLC, CDC MARTINS FERRY, LLC, CDC NEWCOMERSTOWN, LLC, CDC SHADYSIDE, LLC, CDC STEUBENVILLE, LLC AND CDC CHAMPION HEIGHTS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2019, a true and correct copy of the above and foregoing instrument was served on all counsel of record through the Court's electronic filing system.

/s/ Elizabeth K. Stepp<br>Elizabeth K. Stepp