UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA**
*ex rel.* **JOHN N. KRAMER, D.D.S.,**

      **Plaintiff,**

   v.

**ROBERT A. DOYLE JR., D.M.D.,**
*et al.*,

      **Defendants.**

Case No. 1:18-cv-373
JUDGE DOUGLAS R. COLE

## STIPULATED PROTECTIVE ORDER

Plaintiff United States of America ex rel. John N. Kramer, D.D.S; Defendants Robert A. Doyle, D.M.D.; CDC Calcutta, LLC; CDC Dennison, LLC; CDC Martins Ferry, LLC; CDC Newcomerstown, LLC; CDC Shadyside, LLC; CDC Steubenville, LLC; CDC Champion Heights, LLC; North American Dental Group, LLC; and, North American Dental Management, LLC (each a "Party" and collectively the "Parties") desire to facilitate discovery in this matter while preserving their private, confidential, and proprietary information as defined herein and, therefore, move the Court to adopt this Stipulated Protective Order. Pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, it is agreed by the Parties, and hereby **ORDERED, ADJUDGED, and DECREED**, by this Court, that:

1.    <u>Scope</u>. This Stipulated Protective Order (the "Order") governs the handling of documents, testimony, and other information, including all copies, excerpts, and summaries thereof, defined below as "Confidential Material," that the Parties produce or that any nonparties produce in this action pursuant to a subpoena.

1

This Order also governs filing of documents. This Order is a qualified protective order, as defined in 45 C.F.R. § 164.512(e)(1)(v), in that the Order prohibits the Parties from using or disclosing Protected Health Information ("PHI"), as defined under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, and the applicable regulations at 45 C.F.R. Parts 160, 162, and 164, for any purpose other than this action, and further requires the return or destruction of PHI (including all copies made) at the conclusion of the action.

2. <u>Confidential Material Defined</u>. Any documents or information that a Party believes in good faith contains PHI; private information the confidentiality of which the asserting party has an obligation, legal duty, or right to protect; or trade secrets, confidential research, development, or commercial information, may be designated as Confidential Material subject to this Order and shall not be used except in connection with the litigation of this case as authorized by this Order. Under these same conditions any nonparty in receipt of a subpoena issued in this case may also designate any documents, electronic information, or testimony that they produce as Confidential Material that will be subject to this Order.

3. As used in this Order, the term "**PHI**" also means any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. These terms specifically include

"protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R § 160.103 ("protected health information" and "individually identifiable health information"). "PHI" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "PHI" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from confidential health information.

    4.    <u>Production of Health Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections</u>. In order to facilitate the production of PHI and to protect its confidentiality, the parties are permitted to produce these documents to any party to this litigation in an unredacted form. Upon producing these documents, the producing party shall designate them as "Confidential" in the manner set forth in paragraph 8. All parties receiving these documents may use such designated records only for purposes of the above-captioned litigation and may disclose them to non-parties to this litigation only as specified in paragraph 7.

    5.    <u>Attorneys Eyes Only.</u> Any party may designate Confidential Material as "Attorneys' Eyes Only" in accordance with the terms of this Order when the party reasonably and in good faith believes that the Confidential Information is so sensitive

or secret that serious harm or material competitive disadvantage could potentially occur to the party which generated or compiled such information if the information were to be revealed to any other party or any non-expert deposition or trial witness. Specifically—provided such information otherwise satisfies this "Attorneys' Eyes Only" standard—a party may designate as "Attorneys' Eyes Only" such materials or items as it reasonably and in good faith believes to contain non-public and highly sensitive financial information; marketing, sales, and strategic information, such as marketing plans and forecasts, goals, targets, and quotas; agreements among Defendants, or between any Defendant and any other person or entity; non-public policies, procedures, protocols, or practices; and materials or items that relate to other proprietary information. The parties further agree that they will not use the "Attorneys' Eyes Only" designation solely because materials or items contain patient medical records. The "Attorneys' Eyes Only" Designation shall be made by adding "Attorneys' Eyes Only" to the "Confidential" legend.

      6.    <u>Challenges by a Party to Designation as "Attorneys Eyes Only."</u> If a party disputes the designation of any material as "Attorneys' Eyes Only," counsel for the disputing party shall notify counsel for the designating party. No later than 10 calendar days after receiving that notice, counsel will meet and confer in a good faith effort to resolve the dispute. All parties shall be notified of the dispute and desired meet and confer and shall have the opportunity to participate and state their position, if any. If the parties are unable to resolve their dispute, within 10 business days of the parties' meet-and-confer, the designating party shall file a motion seeking the

Court's approval to designate the challenged material "Attorneys' Eyes Only" under seal and shall submit the disputed material for in camera review. Then the party objecting to the "Attorneys' Eyes Only" designation shall file an opposition within five business days thereafter. The Court, at its discretion, will conduct a telephone status conference to resolve the dispute and may grant relief that it deems appropriate. Throughout the pendency of this process, all parties shall continue to afford the disputed material the level of protection to which it would be entitled under the "Attorneys' Eyes Only" designation until the Court rules on the challenge.

7. <u>Access to Confidential Material</u>. Confidential Material produced by a Party or nonparty may be inspected only by the Parties; their counsel, paralegals, clerical employees, or vendors of the Parties' counsel; designated persons retained by the Parties to furnish expert services or advice or to give expert testimony in this Action; deposition, hearing, or trial witnesses; the Court, its staff, and the jury; court reporters employed in connection with this litigation; and mediators or facilitators. Designated experts shall not inspect or review any Confidential Material until they have signed the Acknowledgment (attached hereto as Exhibit A) prior to reviewing the Confidential Material or have been so instructed by the Court in the case of designated experts serving as trial witnesses. Any additional disclosure of Confidential Material shall take place only pursuant to agreement of counsel, or, absent agreement, pursuant to an order of the Court upon motion duly made. Except for the procedures set forth in this Protective Order, the Parties may use their own Confidential Material for any purpose or in any fashion.

8. <u>Manner of Designation</u>. Confidential Material shall be designated in any of the following ways:

(a) With regard to documents, the designation shall be made by placing the legend "Confidential" on the pages of any such document prior to its production. The designation of confidentiality shall be made by placing or affixing a stamp or marking on the upper, lower, or side margin of the document (in such a manner as will not interfere with the legibility thereof) providing notice that the document is Confidential and identifying the designating party (*e.g.*, "Confidential – Doyle").

(b) Any party may designate as "Confidential" any document, information, or testimony. Any nonparty may designate as Confidential any document, information, or testimony that they produce. Such party or nonparty is referred to as the "Designating Party." Only information that the Designating Party in good faith believes is confidential may be designated as Confidential.

(c) A Designating Party may designate electronic documents produced in a native format, such as Excel spreadsheets, as "Confidential" or by putting the designation on a slip sheet that corresponds with the natively produced document and identifying by bates number in a cover letter accompanying the production of the documents or information which native files are designated as Confidential Material. A party may also indicate in the file name of a native file that it contains confidential information, but only if

the party can do so without concealing, altering, or destroying any of the native file's metadata. If changing the file name in this fashion conceals, alters, or destroys metadata, then the party may not add a Confidential designation to the file name. When a native file is printed for use in a deposition, for filing under seal, or for any other use by anyone other than counsel in this case and their employees, then the party using the document will mark the printed document as "Confidential."

(d) With regard to deposition transcripts and any document used during a deposition including, but not limited to, any document marked as an exhibit during a deposition, the designation can be made by a Designating Party no later than 15 business days after receipt of the deposition transcript or the entry of this Order, whichever is later, by providing written notice to the other Parties that all or any portion of the deposition transcript, including any exhibit thereto, be designated as Confidential Material under the terms of this Order. Prior to the expiration of this 15-day period, all transcripts and the information contained therein, in whatever form, shall be deemed Confidential Material under the terms of this Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "Confidential" on the cover thereof, also indicating the name of the party designating the document as confidential, *e.g.*, "Confidential – Doyle."

(e) With respect to written discovery answers and responses, the designation of confidentiality shall be made in the written response. The cover

7

sheet of the discovery answers and responses and each page containing Confidential Information shall be identified by marking as provided in paragraph 8.a. above.

9. <u>Challenging Confidential Designations</u>. A Party shall not be obligated to challenge the propriety of a designation of information as Confidential Material under this Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any Party disagrees at any stage of the proceedings with such a designation, that Party shall provide to the Designating Party written notice of its disagreement. The Designating Party shall then have ten (10) business days from receipt of the disputed designations to respond in writing. The parties shall confer in good faith about any disagreement about the application of any provision of this Order. If the parties are unable to agree in good faith and the Designating Party is of the continued opinion that such challenged documents or information contains Confidential Information, the issue shall be presented to the Court by the Objecting party, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Ohio, within ten (10) business days after the deadline for the Designating Party to respond to the disputed designations. The Designating Party or other Party seeking to have information treated as Confidential Material shall have the burden of establishing for the Court the basis or need for confidentiality. The Parties shall comply with S.D. Ohio Civ. R. 5.2.1 and the Court's standing orders when filing information as Confidential Material under seal.

10. <u>Failure to Make Designation.</u> If, at any time, a Party or nonparty discovers that it produced or disclosed Confidential Material without designation, it may promptly notify the receiving Party and identify with particularity the information to be designated. The receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

11. <u>Filing of "Confidential" Documents Under Seal</u>. The Parties will follow Southern District of Ohio Local Rule 5.2.1 regarding the filing of sealed documents. To the extent that a brief, memorandum, or pleading references or attaches any document marked as "Confidential," then that party must first seek leave of the Court, by motion, to file the document under seal in accordance with S.D. Ohio Civ. R. 5.2.1(a) and the Court's standing orders. If the filing party is the Designating Party, their motion shall state the legal basis for filing under seal. If the filing party is not the Designating Party, the filing party's motion shall refer to this order, shall

state the designation (e.g., "Confidential") and shall name the Designating Party. The Designating Party shall file a response stating the legal basis for filing under seal. The filing party shall deliver a courtesy copy of any document filed under seal to the judicial officer's chambers (or by electronic mail if the documents proposed to be filed under seal are no more than 10 pages) and shall serve counsel for the other parties via electronic mail. If a nonparty designated the document or information as Confidential Material, then the filing party will also send a copy of the motion to the designating nonparty via electronic mail.  In no circumstances shall a document be filed under seal without Court permission.

12. <u>Documents Filed Under Seal.</u>  In the event the Court grants leave to file a document under seal, counsel shall prepare two versions of the document, a public and a confidential version.  The public version shall contain a redaction of references to "Confidential" documents.  The confidential version shall be a full and complete version of the document and shall be filed under seal in accordance with Local Rule 5.2.1.

13. <u>In-Court Use of Designated Information</u>.  If information designated as Confidential Material pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering Party must give advance notice to all other parties prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion for order *in limine*.

In the event that any Confidential Material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the Parties shall take such steps reasonably required to protect its confidentiality during such use. All documents encompassed by the terms of this Order shall be submitted to the Court's chambers under seal, and any and all references to such documents in any motion or memoranda shall identify the documents as presented under seal.

Should any document or information be ruled not entitled to protection under the Protective Order by the Court or is publicly filed or publicly used in Court pursuant to the procedures outlined in this Protective Order, then no party has any further obligation to keep that document or information confidential under the terms of this Protective Order.

14. <u>Withdrawal of Designation or Consent to Disclosure or Use</u>. A designating Party may withdraw its Confidential designation or may consent to the disclosure or use of such information beyond the terms of this Protective Order, without prejudice to any designation by any other party, by so notifying all parties to this action in writing or on the record of a deposition or court proceeding. However, documents or information previously designated as Confidential will continue to be considered "Confidential" subject to this Protective Order for seven (7) days following such notice of withdrawal being provided to all parties to this Action. This will allow any other party time to consider whether they would like to designate the document as "Confidential."

15. <u>Handling Confidential Material Upon Conclusion of Action</u>. The termination of proceedings in this Action shall not relieve any person to whom Confidential Material has been disclosed from the obligations of this Order, unless the Court orders otherwise.  All Confidential Material (including all copies thereof) shall be returned to the producing Party or nonparty or destroyed at the conclusion of the action. Counsel for the parties shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product, provided, however, that all these documents and information shall remain subject to this Protective Order to the extent they include Confidential Information.

16. <u>Miscellaneous Provisions</u>.

(a)  Nothing herein shall preclude any Party or nonparty from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material.

(b)  Any party may apply to the Court, on reasonable notice to all counsel of record, for relief from or modification of any provision of this Order.

(b)  Nothing contained herein shall prejudice the right of any Party to object to the admissibility of the Confidential Material subject to this Order for any reason permissible under applicable law.  The Parties do not waive any privilege or objection which they may have regarding Confidential Material in agreeing to this Order.

(c) The Parties, by agreeing to this Order, are not waiving any rights they may have to obtain information or materials, in whatever form, through the discovery rules as embodied in the Federal Rules of Civil Procedure.

17. The terms of this Order shall continue unless and until modified and or terminated by further order of this Court or agreement of the Parties.

**SO ORDERED.**

February 28, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**