IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| ) | |
| JOHN N. KRAMER, D.D.S., ) | Case No.: 1:18-CV-00373-DRC |
| ) | |
| BRINGING THIS ACTION ON BEHALF ) | Judge: Hon. Douglas R. Cole |
| OF THE UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff and Relator,* ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT A. DOYLE, JR. D.M.D., *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**DEFENDANTS NORTH AMERICAN DENTAL GROUP, LLC AND
NORTH AMERICAN DENTAL MANAGEMENT, LLC'S PARTIALLY
<u>UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY BRIEF, INSTANTER</u>**

Pursuant to L.R. 7.2(a)(2), Defendants North American Dental Group, LLC and North American Dental Management, LLC (collectively, "NADG") respectfully move this Court for leave to file, *instanter*, the *Surreply In Support Of Its Opposition To Dr. Kramer's Motion For Leave To File Fourth Amended Complaint* (the "Surreply Brief"), attached as Exhibit A. Good cause exists to grant this Motion because Relator Dr. Kramer ("Dr. Kramer") raises arguments and factual allegations for the first time in his *Joint Reply To Memoranda In Opposition To Relator's Motion For Leave To File Fourth Amended Complaint Under Federal Rule Of Civil Procedure 15(a)(2) (Doc. 57) By North American Dental Group (Doc. 59) And Dr. Doyle And Complete Dental Care (Doc. 60)* (Doc. 61) ("Reply").  As described below, Dr. Kramer partially opposes and partially consents to the filing of the Surreply.

Specifically, NADG seek leave to address four new legal claims and factual allegations in Dr. Kramer's Reply.  *First*, Dr. Kramer attempts to rescue his complaint by extending the duties

belonging to medical providers under the Medicare and Medicaid statutes and rules to NADG, which has never been a provider of medical services and is not subject to those duties. *Second*, Dr. Kramer cannot solve his pleading problems by broadly "imputing" knowledge to NADG.  *Third*, the Court should strike or disregard the misleading and inaccurate *USA Today* article (Doc. 61–1) that the Reply offers to "corroborate" the allegations in Dr. Kramer's Proposed Amended Complaint.  *Fourth*, Dr. Kramer's broad pronouncement that a "request for attorney's fees made in a brief" automatically falls under Federal Rule of Procedure 11 is wrong and misstates the holding of *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186 (W.D. Ky. 2016). NADG has not had the opportunity to respond to any of these new arguments.

L.R. 7.2(a)(2) provides that additional memoranda related to a motion may be permitted "upon leave of court for good cause shown."  "Good cause exists for a sur-reply where a party seeks to respond to an argument raised by a party for the first time in its reply brief." *In re E. I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, No. CV 2:13-MD-2433, 2019 WL 6310731, at *28 (S.D. Ohio Nov. 25, 2019) (internal quotation and alteration omitted).  "This Court has previously recognized that a district court responding to a request for leave to file a sur-reply routinely grants such motions when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Laws v. Stevens Transp., Inc.*, No. 2:12-CV-544, 2013 WL 4510395, at *2 (S.D. Ohio Aug. 23, 2013) (internal quotations omitted).  That is precisely the situation in this case.

Moreover, it is improper for Dr. Kramer to raise new arguments in reply because NADG would "not have a chance to respond." *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 545 (6th Cir. 2000); *see also Curcio Webb LLC, v. Nat'l Benefit Programs Agency, Inc.*, 367 F. Supp. 2d 1191, 1207, n.28 (S.D. Ohio 2005) (rejecting a new "characterization" of the

- 3 -

allegations in a reply "that did not appear in Plaintiff's Complaint"); *Deutsche Bank Nat. Tr. Co. v. Mills*, No. 2:07-CV-1016, 2008 WL 399627, at *1 (S.D. Ohio Feb. 12, 2008) ("as a matter of procedure, it is well settled that Mills cannot raise these new arguments in her reply memorandum").

Pursuant to L.R. 7.3(b), NADG sought Dr. Kramer's consent to file the Surreply. NADG has received permission to represent to the Court that Dr. Kramer does not consent to NADG filing sections A, B, and D, of the Surreply, and that "while Relator disputes the substance of Section C addressing the *USA Today* investigation into Defendants' conduct, Relator does not oppose NADG's Motion for Leave to File Its Sur-reply as it pertains to Section C only." (*See* 4/2/2020 E-mail Exchange between Silberman and Tate, *et al.*, attached as Exhibit B.)

Based on the foregoing, NADG respectfully requests leave to file the attached Surreply Brief, *instanter*.

Dated:  April 2, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 */s/ Andrew G. Fiorella*
　　　　　　　　　　　　　　　　　　　　Andrew G. Fiorella (0077005)
　　　　　　　　　　　　　　　　　　　　James J. Walsh, Jr. (0096660)
　　　　　　　　　　　　　　　　　　　　**BENESCH, FRIEDLANDER,**
　　　　　　　　　　　　　　　　　　　　　　**COPLAN & ARONOFF LLP**
　　　　　　　　　　　　　　　　　　　　200 Public Square, Suite 2300
　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio  44114
　　　　　　　　　　　　　　　　　　　　Telephone:　(216) 363-4500
　　　　　　　　　　　　　　　　　　　　Facsimile:　(216) 363-4588
　　　　　　　　　　　　　　　　　　　　E-Mail:　　afiorella@beneschlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　jwalsh@beneschlaw.com

　　　　　　　　　　　　　　　　　　　　*-and-*

　　　　　　　　　　　　　　　　　　　　Mark J. Silberman (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Stephen Chahn Lee (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　71 South Wacker Drive, Suite 1600
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60606
　　　　　　　　　　　　　　　　　　　　Telephone:　(312) 212-4949
　　　　　　　　　　　　　　　　　　　　Facsimile:　(312) 767-9192
　　　　　　　　　　　　　　　　　　　　E-Mail:　　msilberman@beneschlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　slee@beneschlaw.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　*North American Dental Group, LLC and*
　　　　　　　　　　　　　　　　　　　　*North American Dental Management, LLC*

**CERTIFICATION OF SERVICE**

I hereby certify that on April 2, 2020, a copy of the foregoing *Defendants North American Dental Group, LLC and North American Dental Management, LLC's Partially Unopposed Motion For Leave To File Surreply Brief, Instanter* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. There are no parties requiring service by other means.

  /s/ Andrew G. Fiorella
Andrew G. Fiorella (0077005)
**BENESCH, FRIEDLANDER,**
       **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio  44114
Telephone:    (216) 363-4500
Facsimile:     (216) 363-4588
E-Mail:         afiorella@beneschlaw.com

*One of the Attorneys for Defendants North American Dental Group, LLC and North American Dental Management, LLC*