IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JOHN N. KRAMER, D.D.S.,<br>　　　　　　　　　　Relator,<br><br>v.<br><br>CDC MARTINS FERRY, LLC, AND<br>CDC STEUBENVILLE, LLC,<br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 1:18-cv-373-DRC<br><br>Judge Douglas R. Cole |

### DEFENDANTS CDC MARTINS FERRY, LLC AND CDC STEUBENVILLE, LLC'S MOTION TO FILE DOCUMENTS UNDER SEAL

Defendants CDC Martins Ferry, LLC and CDC Steubenville, LLC ("Defendants") hereby file this motion to file two documents under seal in response to Relator's Motion to Join Parties [Doc. 71]. In his Motion to Join Parties, Relator relies heavily on an Asset Purchase Agreement ("APA") between Defendants, the two parties proposed to be joined, and other entities. However, two other agreements between those same parties, a Transition Services Agreement and a Transition Professional Services Agreement, make clear that Defendants, and not the proposed parties to be joined, retained responsibility for the dental services alleged in Relator's Third Amended Complaint. Defendants believe these documents are necessary for their response to Relator's motion and should be read in conjunction with the APA upon which Relator relies.

As required by the Stipulated Protective Order in this case, Defendants state that the legal basis for the designation of these documents as "Confidential-Attorneys' Eyes Only" is that the two agreements in question contain sensitive information that could cause material competitive disadvantage to both Defendants and the other parties to the agreements, including agreements between Defendants and other entities, and materials or items that relate to proprietary information about the Defendants' and other parties' business practices. Specifically, the

agreements contain proprietary information about the competitive practice of dentistry, including proprietary information relating to third parties' business practices and plans.

As recognized by the Sixth Circuit, agreements like these that themselves contain a confidentiality obligation, that have been designated as "Confidential" or "Attorneys' Eyes Only," and that contain contractual provisions that one party to the agreement views as providing it with competitive advantages that would, if revealed publicly, give such advantages to competitors or future acquisition targets, may be properly filed under seal when offered as an exhibit or appendix to a motion or legal brief. *Ray v. Found. Risk Partners, Corp.*, No. 22-3387, 2022 U.S. App. LEXIS 25954, [WL] at *3 (6th Cir. Sept. 15, 2022) (citing Ohio Rev. Code 1333.61(D) and *State ex rel. The Plain Dealer v. Ohio Dep't of Ins.*, 687 N.E.2d 661 (1997)).

In accordance with Local rule 5.2.1 and the Stipulated Protective Order in this case [Doc. 58], Defendants therefore move the Court for leave to file the Transition Services Agreement and the Transition Professional Services Agreement under seal as exhibits to their upcoming response to Relator's Motion to Join Parties. Defendants are the "Designating Party" as to the confidentiality of these agreements under paragraph 11 of the Protective Order. As required by the Protective Order, a hard copy of the two agreements in question will be provided to chambers, along with a courtesy copy of this motion and a proposed order granting the requested relief.

December 22, 2022

                          Respectfully submitted,

                          /s/ Donald Screen
                          Donald Screen
                          Ohio Bar No. 44070
                          Don.Screen@ChandraLaw.com
                          TRIAL COUNSEL
                          **THE CHANDRA LAW FIRM, LLC**
                          The Chandra Law Building
                          1265 W. 6th St., Suite 400
                          Cleveland, Ohio 44113-1326
                          Phone: 216-578-1700
                          Fax: 216-578-1800

                          /s/ Elizabeth K. Stepp
                          Elizabeth K. Stepp (*pro hac vice*)
                          Texas State Bar No. 00788467
                          eks@federal-lawyer.com
                          **OBERHEIDEN P.C.**
                          440 Louisiana Street, Suite 200
                          Houston, Texas 77002
                          (214) 334-7648 (Telephone)
                          (972) 559-3365 (Facsimile)
                          **ATTORNEYS FOR DEFENDANTS**
                          **CDC MARTINS FERRY, LLC AND**
                          **CDC STEUBENVILLE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, a true and correct copy of the above and foregoing document was served on all counsel of record through the Court's electronic filing system.

                          /s/ Elizabeth K. Stepp
                          Elizabeth K. Stepp

# EXHIBIT A

## Unpublished Opinions



Neutral
As of: December 21, 2022 8:49 PM Z

# Ray v. Found. Risk Partners, Corp.

United States Court of Appeals for the Sixth Circuit

September 15, 2022, Filed

Nos. 22-3387/3411

**Reporter**
2022 U.S. App. LEXIS 25954 *

DUANE RAY (No. 22-3387), Plaintiff-Appellee, v. FOUNDATION RISK PARTNERS, CORPORATION, Defendant-Appellant, FIFTH THIRD BANK, N.A., dba Fifth Third Bank, et al., Defendants.DUANE RAY (No. 22-3411), Plaintiff-Appellee, v. FIFTH THIRD BANK, N.A., dba Fifth Third Bank, et al., Defendants-Appellants, FOUNDATION RISK PARTNERS, CORPORATION, Defendant.

**Prior History:** *Ray v. Fifth Third Bank, N.A., 2022 U.S. Dist. LEXIS 59391, 2022 WL 974341 (S.D. Ohio, Mar. 31, 2022)*

## Core Terms

seal, confidential, public access, trade secret, preliminary injunction, district court, acquisition, attachments, advantages, provisions, appendix, includes, parties, records, merits, email

**Counsel:** [*1] For DUANE RAY (22-3387, 22-3411), Plaintiff - Appellee: Randall S. Strause, Courtney Lauren Graham, Strause Law Group, Louisville, KY; Louis C. Schneider, Thomas Law, Cincinnati, OH.

For FOUNDATION RISK PARTNERS, CORPORATION, Defendant - Appellant (22-3387): Kevin E. Griffith, Chad J. Kaldor, Andrew Klaben-Finegold, Littler Mendelson, Columbus, OH.

For FIFTH THIRD BANK, N.A., dba: Fifth Third Bank, FIFTH THIRD INSURANCE AGENCY, INC., dba: Fifth Third Insurance, Defendants - Appellants (22-3411): R. Kenyon Meyer, Dinsmore & Shohl, Louisville, KY; Michael A. Xavier, Dinsmore & Shohl, Denver, CO.

**Judges:** Before: DAVIS, Circuit Judge.

## Opinion

ORDER

Plaintiff Duane Ray is a former employee of Defendant Fifth Third Insurance Agency, Inc. ("Fifth Third Insurance"), a wholly owned subsidiary of Defendant Fifth Third Bank, N.A. (collectively, "Fifth Third"). After Defendant Foundation Risk Partners, Corporation ("FRP") purchased substantially all the assets of Fifth Third Insurance and its affiliates in 2020, Ray declined continued employment with FRP. Ray later filed this lawsuit to challenge a restrictive covenant that FRP seeks to enforce. In these related appeals from the district court's order denying a preliminary [*2] injunction and vacating a temporary restraining order, FRP and Fifth Third each move for leave to file an appendix to their appellant briefs under seal. Pursuant to *Federal Rule of Appellate Procedure 27(c)*, a single judge may rule on the motions.

"Documents sealed in the lower court . . . must continue to be filed under seal in this court." 6 Cir. R. 25(h)(5). Otherwise, "[d]ocuments filed in this Court generally must be made available to the public," *United States v. Hatcher, 698 F.3d 936, 937 (6th Cir. 2012)* (order), and will be sealed only if they "justify court-imposed secrecy," *Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996)*. "[C]ommon sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know." *Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1180 (6th Cir. 1983)*. "In such cases, a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Id.; see Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 308 (6th Cir. 2016)*.

The tendered appendices consist of the 2020 Asset Purchase Agreement ("APA") between FRP and Fifth Third Insurance. The APA itself contains a confidentiality obligation between the signatories and has always been designated as "Confidential" or

"Attorneys' Eyes Only" in this case, pursuant to the protective order entered below. The APA includes several contractual provisions that FRP has **[*3]** developed and negotiated over time in various asset purchases and acquisitions, which are unique to its business needs and goals. FRP views many of the provisions in the APA as providing competitive advantages, which if revealed publicly, would give such advantages to its competitors and future acquisition targets. The APA also contains tables, attachments and schedules with highly confidential pricing and other information. Fifth Third's appendix also includes an email transmitting the APA to the district court. As the district court explained, "the APA was not admitted as physical evidence during the Preliminary Injunction hearing" but "the parties stipulated to its authenticity and admissibility, and agreed that counsel would email a copy of the APA and associated attachments to chambers after the hearing for inclusion in the record[.]" FRP and Fifth Third ask this court to similarly restrict public access, asserting that the APA is replete with confidential business information and trade secrets as defined under Ohio law. Despite the unusual procedure employed below, the court is satisfied that the APA contains legitimate trade secrets or proprietary and confidential information **[*4]** as defined by Ohio law. *See* Ohio Rev. Code § 1333.61(D); State ex rel. The Plain Dealer v. Ohio Dep't of Ins., 80 Ohio St.3d 513, 524-25, 1997- Ohio 75, 687 N.E.2d 661 (1997).

Upon consideration, the motions for leave to file the appendices under seal are **GRANTED** without prejudice to reconsideration by the merits panel. *See* Carter v. Welles-Bowen Realty, Inc., 628 F.3d 790, 791 (6th Cir. 2010) (order). The parties are cautioned that this order does not seal the opinion to be issued by the merits panel. A separate motion is required to request sealing all or part of the opinion. *See* 6 Cir. R. 25(h)(1).

---

**End of Document**

Elizabeth Stepp