UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, *ex rel.*, JOHN N. KRAMER,

      Plaintiff,

  v.

ROBERT A. DOYLE, JR., *et al.*,

      Defendants.

Case No. 1:18-cv-373
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

The Court here examines four motions. To start, there are three Motions for Leave to File Under Seal from (1) Plaintiff-Relator John Kramer (Doc. 70), (2) Defendants CDC Martins Ferry, LLC and CDC Steubenville, LLC (Doc. 75), and (3) previous Defendant North American Dental Management, LLC and non-party Professional Dental Alliance, LLC (Doc. 76). Also before the Court, North American Dental Management, LLC, and Professional Dental Alliance, LLC have moved to strike or for leave to file a Surreply. (Doc. 80).

For the reasons below, the Court **GRANTS** all Motions for Leave to File Documents under Seal (Docs. 70, 75, 76) in full. Further, the Court **DENIES** North American Dental Management, LLC and Professional Dental Alliance, LLC's Motion to Strike (Doc. 80) but **GRANTS** their Motion to File Surreply (Doc. 80). The Court **ORDERS** them to file the same.

## LAW AND ANALYSIS

**A.     The Court Grants All Three Motions For Leave To File Under Seal.**

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But when sealing, that "decision is not accorded the deference that standard normally brings." *Id.* So to avoid abusing its discretion, a district court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

A district court has independent obligation, regardless of the parties' agreement, to determine whether sealing is warranted. *See Proctor* (sic) *& Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016))).

In response to a motion to seal, this Court must determine whether the movant overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. That's no easy task. To do so, the Court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306

2

(citing *Brown & Williamson*, 710 F.2d at 1176). The Sixth Circuit has repeatedly cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted). Further, any sealing order must be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow tailoring requirement, the movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Relevant here, an interest in protecting sensitive business information and trade secrets whose disclosure could result in a competitive disadvantage can be sufficient to support sealing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, Case No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (recognizing an interest in sealing "confidential information that would otherwise allow competitors an inside look at a company's business strategies"); *Morris v. Tyson Chicken, Inc.*, No. 4:15-cv-77, 2020 WL 3442177, at *2 (W.D. Ky. June 23, 2020) (denying motion to unseal documents that contain "confidential business information that could harm [defendant's] competitive standing"); *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82, 2017 WL 3220470, at *2 (W.D. Ky. July 28, 2017).

The parties' Motions overlap. Combined, they desire to file three documents under seal: (1) an Asset Purchase Agreement between CDC Martins Ferry, LLC ("CDC Martins Ferry"), CDC Steubenville, LLC ("CDC Steubenville"), North

American Dental Management, LLC ("NADM"), and Professional Dental Alliance, LLC ("PDA"); (2) a Transition Services Agreement between the same; and (3) a Transition Professional Services Agreement between the same.[1] (Doc. 70, #1433; Doc. 75, #1515–16; Doc. 76, #1523). Relatedly, the parties request the references to language in these documents to be redacted in their briefs. (Doc. 76, #1521).

The parties also provide similar justifications for sealing. Kramer seeks leave to file under seal because of the Asset Purchase Agreement's designation as "Confidential – Attorney's Eyes Only." (Doc. 70, #1433). CDC Martins Ferry and CDC Steubenville likewise seek leave to file under seal because the agreements are designated as "Confidential – Attorney's Eyes Only" and contain their and NADM and PDA's sensitive business information and contractual provisions. (Doc. 75, #1516). NADM and PDA seek leave because they are (presently) nonparties to this suit and these documents contain their confidential business information. They contend that revealing this information would place them at a competitive disadvantage. (Doc. 76, #1523). NADM and PDA further highlight that all parties have always held these documents out as confidential. (*Id.*).

To recap, under *Shane Group*, the Court must determine whether the asserted confidentially and competitive interests are compelling, whether the interests served by sealing this information outweigh the value of public disclosure, and also whether the seal is narrowly tailored to protect those privacy interests.

---

[1] Kramer does not seek leave to file either Transition Agreement under seal, only the Asset Purchase Agreement. CDC Martins Ferry, CDC Steubenville, NADM, and PDA all seek to have all three documents filed under seal.

4

The Court finds this one of the rare instances that meets *Shane Group*'s demanding burden. True, Kramer's claimed interest—that the documents were designated as confidential under the Protective Order—is not compelling. The Protective Order itself does not justify filing anything under seal. (*See* Doc. 58, #1114–15). But the others do provide a compelling interest. The parties have convinced the Court that the three documents contain confidential business information, disclosure of which would create a competitive disadvantage for CDC Martins Ferry, CDC Steubenville, NADM, and PDA. Professional dentistry is a highly competitive industry. (Doc. 76, #1526). And the parties assert that the documents at issue contain unique contractual provisions whose secrecy creates competitive advantages for their future acquisitions—both in terms of competitors and future acquisition targets. It is no surprise then that the parties have designated these documents as confidential throughout this litigation. Moreover, the information at issue is sufficiently specific and detailed such that its disclosure could harm their competitive standing. In short, CDC Martins Ferry, CDC Steubenville, NADM and PDA have identified a compelling interest that supports sealing. *See Ray v. Found. Risk Partners, Corp.*, No. 22-3387, 2022 U.S. App. LEXIS 25954, at *3 (6th Cir. Sept. 15, 2022) (permitting an asset purchase agreement to be filed under seal where the contractual terms' secrecy gave a competitive advantage over competitors and future acquisition targets).

On the other side sits the public interest in disclosure. *Shane Group* articulates several reasons why the public might have an interest in an open review of a court's docket materials. For example, a public docket ensures the public's right to guard

5

against corruption and the public's right to be on notice about what does and what does not violate law. *Shane Grp.*, 825 F.3d at 305. Likewise, the public may have a legitimate interest in knowing the basis for the Court's decision in a given case. *See Brown & Williamson*, 710 F.2d at 1180. None of those reasons, though, appear to support access to these documents. These acquisition and transition agreements play a relatively minor role in Kramer's overarching allegations of fraud. And critically, there is no allegation these documents themselves contain or reflect fraud. (*See generally* Doc. 71). Thus, the compelling competitive interest in sealing sensitive business information outweighs any limited effect on the public's ability to be on notice about what violates the law or to understand the basis for the Court's decision. *See Shane Grp.*, 825 F.3d at 305; *Brown & Williamson*, 710 F.2d at 1180.

The appropriateness of sealing is further confirmed because NADM and PDA are not—or at least are not presently—parties here. *Shane Group* instructs that courts should afford third-party privacy interests substantial weight when considering a motion to seal. *Shane Grp.*, 825 F.3d at 308; *see also Veritas Indep. Partners LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-cv-769, 2022 WL 1749024, at *2 (S.D. Ohio Jan. 4, 2022). These nonparty privacy interests also tip the scales against the minimal public interest in disclosure.

Finally, the narrow-tailoring requirement.[2] Here, the NADM and PDA have represented to the Court that the Asset Purchase Agreement, Transition Services

---

[2] The Court requested the parties, to the extent they desired, submit supplemental briefing to address *Shane Group*'s narrow tailoring requirement. (3/29/23 Not. Order). NADM, PDA, CDC Martins Merry and CDC Steubenville did. (Docs. 82, 83).

Agreement, and Transition Professional Services Agreement each contain contractual clauses and requirements throughout that could place the companies at a competitive disadvantage if revealed. (Doc. 82, #1677–78). Supporting that, CDC Martins Ferry and CDC Steubenville detailed a non-exhaustive list of sensitive clauses and details that "would be valuable to competitors of the non-party CDC Entities, Defendants, NADM, and PDA" if disclosed—including in the structure of the agreements themselves. (Doc. 83, #1683–84). Given the pervasive nature of the sensitive information, the Court agrees that redaction is not a viable alternative.

For these reasons, the Court **GRANTS** all Motions for Leave to File Documents under Seal (Docs. 70, 75, 76) in full.

**B.    The Court Denies NADM And PDA's Motion To Strike But Grants Their Motion To File Surreply.**

Separately, NADM and PDA moved to strike a declaration attached to Kramer's Reply in support of his Motion for Joinder. (Doc. 80). In the alternative, they request the opportunity to file a Surreply responding to Kramer's declaration. (*Id.*).

"The Federal Rules of Civil Procedure do not provide for a motion to strike documents other than pleadings." *O'Banion v. Am. Aggregates Corp.*, No. 1:19-cv-841, 2020 WL 13469259, at *1 (S.D. Ohio July 23, 2020) (citing Fed. R. Civ. P. 12(f)); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (same). "Instead trial courts make use of their inherent power to control their dockets, when determining whether to strike documents or portions of documents." *Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-cv-860, 2013 WL 819733, at *2 (S.D. Ohio Mar. 5,

7

2013) (citing *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003)). The decision to strike is left to the Court's sound discretion. *Aerel S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 906 (6th Cir. 2006). And even where appropriate, requests to strike are disfavored where a Court can simply ignore the improperly filed information. *Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041–42 (S.D. Ohio 2011).

The Court has yet to decide whether to consider Kramer's declaration or his arguments relating to it. But if the Court concludes Kramer's declaration was filed in error, the Court will simply ignore it. *See id.* Against this backdrop, NADM and PDA have not persuaded the Court striking the declaration is proper or warranted.

Accordingly, the Court **DENIES** NADM and PDA's Motion to Strike. But the Court **GRANTS** their Motion for Leave to File Surreply and **ORDERS** them to file the same.

## CONCLUSION

For these reasons, the Court **GRANTS** all Motions for Leave to File Documents under Seal (Docs. 70, 75, 76) in full. The Asset Purchase Agreement, Transition Services Agreement and Transition Professional Services Agreement may be filed with the Court under seal. The redacted version of NADM and PDA's Opposition to Joinder (Doc. 77), shall remain on the public docket in redacted form, but NADM and PDA shall file an unredacted version of that Opposition under seal.

The Court also **DENIES** North American Dental Management, LLC and Professional Dental Alliance, LLC's Motion to Strike (Doc. 80) but **GRANTS** their Motion to File Surreply (Doc. 80). The Court **ORDERS** them to file the same.

**SO ORDERED.**

May 4, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**