UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA *ex rel.*
JOHN N. KRAMER,

    Plaintiff,

  v.

ROBERT A. DOYLE, JR., et al.,

    Defendants.

Case No. 1:18-cv-373

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This long-running qui tam case[1] is about dentists who allegedly billed Medicaid for medically unnecessary procedures. (Third Am. Compl., Doc. 37). All of the parties have now agreed on the terms of a settlement. (*See* Joint Stipulation of Dismissal, Doc. 100; United States' Notice of Consent to Settlement,[2] Doc. 101). For most cases, that would be the end of the matter. Indeed, the parties could unilaterally effect the dismissal without a court order. *See* Fed. R. Civ. P. 41. But qui tam actions are different. And the False Claims Act (FCA)—the statute at issue here—gives rise to some difficult interpretive issues, including potential constitutional concerns, relating to the settlement process, none of which the parties addressed in their papers. Having now sorted through the issues, though, as more fully discussed below, the Court **CONSENTS** to the stipulated dismissal, **DISMISSES** all claims **WITH**

---

[1] Because the Court recounted the background at length in its previous Opinions and Orders, (*see* Doc. 67, #1363–69; Doc. 97, #2523–25), it does not recount the full background here.

[2] The United States declined to intervene, (*see* Doc. 66), but under Sixth Circuit precedent its consent is still required for any settlement.

**PREJUDICE** as to Plaintiff-Relator John Kramer, and **DISMISSES** all claims **WITHOUT PREJUDICE** as to the United States.

## BACKGROUND

Kramer filed this qui tam action under the FCA on behalf of the United States in May 2018. (Compl., Doc. 1). After several years of motions practice, the parties have decided voluntarily to dismiss this case with prejudice as to Kramer and without prejudice as to the United States. (Doc. 100, #2542). To accomplish that, the parties (i.e., Plaintiff-Relator and Defendants, but not the United States) filed what they labeled a Joint Stipulation of Dismissal purportedly "in accord with Rule 41(a)(2) of the Federal Rules of Civil Procedure and 31 U.S.C. § 3730(b)(1)," which ends with "SO ORDERED" and a blank space for the Court's signature. (*Id.* (cleaned up)). That stipulation further noted that, under the cited statute (§ 3730(b)(1)), the dismissal would also require consent from the United States. (*Id.* at #2543). Such consent was then forthcoming. (Doc. 101). So the matter is now before the Court on the stipulated dismissal, signed by Kramer and Defendants, (Doc. 100), coupled with the United States' declaration of its consent, (Doc. 101).

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41 governs voluntary dismissals. Rule 41(a)(1) provides a mechanism for dismissals without a court order, although such dismissals are still "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute." They can occur in two circumstances. First, a plaintiff may voluntarily dismiss an action "before the opposing party serves either an answer or a motion for

summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). That provision is clearly not applicable in this now-more-than-six-year-old case. (*See* Defs. CDC Martins Ferry, LLC And CDC Steubenville, LLC's Answer to Third Am. Compl., Doc. 69). The second such circumstance occurs when the plaintiff files "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

Beyond that, the rule also separately provides for voluntary dismissals by court order. Specifically, Rule 41(a)(2)—which acts as a sort of catch-all provision—states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Given these competing provisions for achieving dismissal, the Court must first determine which part of Rule 41 governs this case. There are indications pointing in various directions. Kramer and Defendants expressly invoke Rule 41(a)(2)—the catch-all provision—and they appear to be seeking a Court order, as they left a signature line for the Court. (Doc. 100, #2542–44). On the other hand, as noted above, they label the filing a "joint stipulation of dismissal." (*Id*. at #2542).

On the one hand, that could be understood as Plaintiff-Relator Kramer's filing a "request for dismissal" (that happens to be signed by Defendants), under Federal Rule of Civil Procedure 41(a)(2), in which the parties ask the Court to enter an order dismissing the case in accordance with 31 U.S.C. § 3730(b)(1). In other words, the Court can take the parties' submission at face value and treat it as requesting dismissal under Rule 41(a)(2), with the "terms that the court considers proper"

3

consisting of (1) the parties' consent, and (2) the dismissal's compliance with the FCA's consent requirements.

Alternatively, "using its discretion to address substance over form," *McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012), the Court instead could elect to treat the filing as seeking dismissal under Rule 41(a)(1)(A)(ii). After all, this latter provision specifically covers joint stipulations of dismissal. *Hanover Ins. Co. v. Sutherland*, No. 22-cv-11414, 2023 WL 199261, at *2 (E.D. Mich. Jan. 17, 2023) ("*When all parties who have appeared in a suit will not stipulate to a dismissal*, under Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (cleaned up) (emphasis added)); *cf. In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 753 (6th Cir. 2008) ("[T]he specific controls the general. The more specific references to professional-fee obligations in § 4(b)(i)—indeed the only references to the topic in the whole agreement—govern the more general requirements of § 4(c) … ." (citation omitted)). And here, all parties have agreed to the requested dismissal—Kramer and Defendants (the only actively litigating parties) by signing the stipulation, and the United States by its subsequent consent. The former looks a lot like a "stipulation of dismissal" (the dismissal signed by all actively litigating parties), *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), "subject to" an "applicable federal statute," *id*.—here, the FCA (which requires (1) the United States' consent (which the United States has supplied, *see* Doc. 101), and (2) the Court's "consent"). Indeed, the original 1937 advisory committee notes to Federal Rule of Civil Procedure 41(a) specifically refer to the FCA

4

as an "applicable federal statute" for Rule 41 purposes. *See* Fed. R. Civ. P. 41 (1937 advisory committee note) ("Provisions regarding dismissal in such statutes as … U.S.C., Title 31, § 232 [now § 3730] … are preserved by paragraph (1) [of Rule 41(a)].").

Consistent with this understanding, other courts have held that FCA cases are subject to dismissal under Rule 41(a)(1) (rather than 41(a)(2), which the parties invoke here), assuming the United States consents. *See United States v. UCB, Inc.*, 970 F.3d 835, 849–51 (7th Cir. 2020) (stating that the portion of the FCA governing dismissals over the plaintiff-relator's objections should not "be construed to eliminate the right to dismiss under the first half of Rule 41(a), whose language it mirrors," and referencing the possibility of a stipulated dismissal of an FCA case under Rule 41(a)(1)(A)(ii)); *Brutus Trading, LLC v. Standard Chartered Bank*, No. 20-2578, 2023 WL 5344973, at *2 (2d Cir. Aug. 21, 2023) ("Because Standard Chartered has not answered Brutus's complaint or moved for summary judgment, Rule 41(a)(1) applies."); *Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 826 (2d Cir. 2014) ("For the purposes of this case, Rule 41(a)(1)(A)(i) incorporates the court-consent requirement contained in 31 U.S.C. § 3730(b)(1), and the two provisions must be read together."). Under this approach, with the parties "stipulating" and the United States "consenting," the only remaining question would be whether the Court likewise consents. *See* 31 U.S.C. § 3730(b)(1) (requiring court "consent" to settlement).

In the end, though, "the Court does not find that it substantively makes any difference whether its dismissal order is made pursuant to Rule 41(a)(1) or (2)."

*United States ex rel. Swanton v. Zou*, No. 20-cv-1742, 2023 WL 3977377, at *8 (D. Colo. June 13, 2023). That is because Rule 41(a)(1) directly incorporates (through its reference to "any applicable federal statute") the requirements under 31 U.S.C. § 3730(b)(1) for the United States and the Court to "consent" to settlement. That in turn means Rule 41(a)(1) stipulations in qui tam actions are not self-executing, as they are in the typical case. And the other possible avenue, Rule 41(a)(2), provides for dismissal only by court order on terms that the court "considers proper." That, too, could be read to include the consents (i.e., from the United States and the Court) that a separate federal statute (31 U.S.C. § 3730(b)(1)) requires. Either way, then, the question becomes whether the statutorily required consents are present here. So that is the question to which the Court turns next, starting with the statutory consent requirement directed at the government.

An FCA case "may be dismissed only if … the Attorney General give[s] written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). And even though the United States declined to intervene in this case, (Doc. 66), the FCA's consent requirement still applies given the United States is still the real party in interest. *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 338–44 (6th Cir. 2000). Here, the United States clearly has accomplished the first part of the consent process (providing written consent to the dismissal), but it is a little light on the second (providing its reasons for doing so). (Doc. 101). Indeed, the government says virtually nothing about why it thinks this settlement is proper. But the settlement is without prejudice to the government re-raising the claims at issue, so

6

the Court presumes that is why the Attorney General consents. Accordingly, the Court will treat the government's submission as satisfying the statutory requirement. That said, it would be helpful if the government would provide some description of its reasons for consenting in future FCA cases.

Having concluded that the government has accomplished its part of § 3730(b)(1)'s consent requirement, the Court therefore turns to the statute's separate court consent requirement. Under that provision, the Court must decide (1) whether it will "consent," too, *cf. Health Possibilities*, 207 F.3d at 338–44, and (2) if so, its "reasons" for doing so, 31 U.S.C. § 3730(b)(1). To accomplish that, the Court must start by deciding what framework guides the analysis on these two questions. In other words, the Court must assess what "consent[ing]" and "giv[ing] reasons" under § 3730(b)(1) entail.

Unfortunately, the statute provides little express guidance on either front. One could imagine, for example, that by requiring "consent" based on "reasons," the statute means that the Court must assess the settlement's fairness. If so, the Court cannot conduct such a substantive review here, as the parties did not provide the settlement agreement for the Court to review. But neither the Sixth Circuit nor any other court (so far as this Court can tell) has ever held that the only valid reasons would be those based on a review of the settlement's substance. And there are good reasons to think that no such requirement should apply. At the very least, so long as the only persons impacted by a settlement have agreed to its terms and have stipulated to the dismissal of the action, the Court concludes that the very fact of the

7

stipulation itself provides good "reasons" to conclude that the Court likewise should consent. After all, the parties are presumably the best judges of their own interests. *See Clark v. Abdallah*, No. 21-10001, 2023 WL 4851410, at *5 (E.D. Mich. July 28, 2023) ("Voluntary contracts enable people to exercise personal autonomy by allowing them to freely enter into agreements based on their own preferences and needs. The freedom to contract encourages individuals and businesses to negotiate terms which suit their own interests."). Indeed, reading the statutory consent requirement to encompass a substantive review obligation (rather than an obligation to merely confirm that the parties have met the applicable procedural requirements) could even raise constitutional concerns about whether there is an ongoing "dispute" that gives rise to jurisdiction. *See Gilstrap v. Sushinati LLC*, No. 1:22-cv-434, 2024 WL 2197824, at *7–*9 (S.D. Ohio May 15, 2024).

The Court declines to travel that path. Here, everyone whom the settlement impacts has agreed that it represents a fair resolution of this case. And they have agreed that the matter should be dismissed with prejudice as to Kramer and without prejudice as to the United States. Having no reason to suspect that the parties cannot protect their own interests, the Court relies on the fact of the parties' consent to dismissal as the basis for the Court's own "consent."[3]

---

[3] In providing its consent here based solely on a procedural review (i.e., confirming that the parties have signed the necessary stipulation and that the government has signed a valid consent), the Court does not mean to intimate that the question of the Court's consent under § 3730(b)(1) would likewise be limited to such procedural issues in cases where a party objects to the settlement.

Accordingly, for the reasons discussed above, the Court **DISMISSES** all claims **WITH PREJUDICE** as to Plaintiff-Relator John Kramer's right to re-raise them and **WITHOUT PREJUDICE** as to the United States' ability to do so. The Court shall retain jurisdiction of this action for the purposes of enforcing the settlement agreement referenced in the parties' Joint Stipulation of Dismissal (Doc. 100). Except as otherwise agreed, each party shall bear its own costs, expenses, and attorneys' fees. The Court **DIRECTS** the Clerk to **TERMINATE** this matter on its docket.

    **SO ORDERED.**

July 23, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**